UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHAJAN SINGH BARIANA, | No.  2:13-cv-0554 JAM CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| PHIL SERNA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Defendants' motion to dismiss came on regularly for hearing June 5, 2013.  Plaintiff Bariana appeared in propria persona.[1]  Krista Whitman and Diane McElhern appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges that his civil rights were violated in connection with an exclusive contract for taxicab services at the Sacramento Airport entered into between the County of Sacramento and the Sacramento Independent Taxi Owners Association ("SITOA").  Plaintiff asserts that in passing an ordinance that allows for the exclusive contract, Sacramento has violated plaintiff's "basic Equal opportunity right to earn an honest living and the Right to life,

---

[1] Plaintiff was accompanied by Mr. Kazman Zaidi, who also addressed the court at the hearing.

1

liberty and Pursuit of Happiness." Complaint at 3:12-13. Defendants move to dismiss. Defendants contend that plaintiff fails to state a claim under 42 U.S.C. § 1983, that plaintiff's action is barred by the statute of limitations,[2] and that plaintiff has failed to join an indispensible party (SITOA).[3] Defendants' first contention is dispositive.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Defendants have requested this court take judicial notice of documents. ECF No. 7. Judicial notice may be properly taken of county codes and resolutions. The request will therefore be granted as to Exhibits A, B and E.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the

---

[2] The subject ordinance was passed in 2005.
[3] Defendants contend that SITOA is an indispensible party because plaintiff seeks cancellation of the contract.

2

> deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  This section confers no substantive rights.  See Baker v. McCollan, 443 U.S. 137, 140 (1979) (threshhold requirement for section 1983 action is deprivation of right secured by the Constitution and laws).  In the complaint and opposition, plaintiff fails to identify any constitutional right which has been allegedly infringed by defendants.  Nor at the hearing did plaintiff articulate a right of which he had been deprived, contending only that the ordinance is "unfair."

To the extent plaintiff is trying to allege an equal protection claim, such a claim must fail.  Because the ordinance is facially neutral and does not impinge on a fundamental right, plaintiff must show purposeful discrimination or that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.  See generally City of Cleburne, Tex. v. Cleburne Livig Cntr., 473 U.S. 432 (1985); see also Vacco v. Quill, 521 U.S. 793, 799 (1997).  Plaintiff's allegation that the ordinance benefits a "cartel" is insufficient to raise an equal protection claim.  See, e.g. Greater Houston Small Taxicab Company Owners Association v. City of Houston, Texas, 660 F.3d 235 (5th Cir. 2011).  Because it appears amendment would be futile, the motion to dismiss should be granted with prejudice.

Accordingly, IT IS HEREBY ORDERED that defendants' request for judicial notice (ECF No. 7) is granted as to Exhibits A, B and E; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 5) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

1 within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>
2 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: June 12, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 bariana0554.57